1

2

3

4

5

6                          UNITED STATES DISTRICT COURT

7                              DISTRICT OF NEVADA

8                                      * * *

9    MARK A. HANSON,                        Case No. 3:04-cv-00130-MMD-VPC

10                            Petitioner,                 ORDER

11          v.

12   CRAIG FARWELL, et al.,

13                          Respondents.

14

15   **I.     INTRODUCTION**

16          In this habeas corpus action, brought by Nevada prisoner Mark A. Hanson, the

17   respondents have filed a motion to dismiss (dkt. no. 78), arguing that two of the claims

18   in Hanson's second amended habeas petition are barred by the statute of limitations,

19   and that two of his claims are barred by the procedural default doctrine.  Hanson has

20   opposed the motion to dismiss, and has filed a motion for an evidentiary hearing with

21   respect to it (dkt. no. 88). The Court will deny both the motion to dismiss and the motion

22   for evidentiary hearing.

23   **II.    BACKGROUND**

24          On April 28, 1999, after a jury trial in Nevada's Fourth Judicial District Court (Elko

25   County), Hanson was convicted of first degree murder and was sentenced to life in

26   prison without the possibility of parole. *See* Judgment of Conviction, Exh. 119.[1]  The

27   _____

28          [1]The exhibits referred to in this order were filed by petitioner, and are found in the
     record at dkt. nos. 55-58, 65-75.

conviction was for the killing, by child abuse, of Hanson's twenty-month-old stepdaughter, Tamara Smart. Hanson appealed, and the Nevada Supreme Court affirmed on November 14, 2000. *See* Order of Affirmance, Exh. 147. The Nevada Supreme Court denied Hanson a rehearing on February 6, 2001. *See* Order Denying Rehearing, Exh. 149.

On August 16, 2001, Hanson filed a petition for writ of habeas corpus in the state district court. *See* Petition for Writ of Habeas Corpus, Exh. 151. The court appointed counsel and the petition was supplemented. *See* Exhs. 160, 161. The court held an evidentiary hearing (*see* Transcript of Proceedings, November 26, 2002, Exh. 167), and then denied Hanson's petition. *See* Order Denying Petition for Post-Conviction Writ of Habeas Corpus, Exh. 168. Hanson appealed, and the Nevada Supreme Court affirmed the denial of his state habeas petition on December 19, 2003. *See* Order of Affirmance, Exh. 175.

Hanson then initiated this federal habeas corpus action, *pro se*, on March 15, 2004. *See* Petition for Writ of Habeas Corpus, dkt. no. 8. Counsel was appointed for Hanson (*see* Order entered June 3, 2004, docket no. 12), and, with counsel, he filed a first amended habeas petition on April 7, 2005. *See* First Amended Petition for Writ of Habeas Corpus, dkt. no. 21. Respondents filed a motion to dismiss (dkt. no. 39), and the court resolved that motion on March 27, 2006, ruling that two claims in the first amended petition (Grounds 2 and 5) were unexhausted in state court, ruling that one claim (Ground 1) did not state a claim cognizable in this action, and ruling that one claim (Ground 3) was barred by the procedural default doctrine. *See* Order entered March 27, 2006, dkt. no. 44. Hanson then filed a motion for a stay (dkt. no. 45), requesting that the case be stayed to allow him to present his unexhausted claims in state court. The court granted that motion, and stayed this action pending Hanson's further state litigation. *See* Order entered August 21, 2006, dkt. no. 49.

Hanson then filed a second state habeas petition, in Nevada's Fourth Judicial District Court, on October 11, 2006. *See* Petition for Writ of Habeas Corpus, Exh. 181.

On October 4, 2012, the state district court dismissed Hanson's petition on procedural grounds, ruling that it was untimely under the state statute of limitations, NRS § 34.726, successive under NRS § 34.810, and barred by the laches doctrine under NRS § 34.800. *See* Order Dismissing Petition for Writ of Habeas Corpus, Exh. 220. Hanson appealed, and the Nevada Supreme Court affirmed on September 16, 2014. *See* Order of Affirmance, Exh. 264. The Nevada Supreme Court denied Hanson a rehearing on November 13, 2014. See Order Denying Rehearing, Exh. 265.

The stay of this case was lifted, upon a motion by Hanson, on February 9, 2015. *See* Motion to Reopen, dkt. no. 54; Order entered February 9, 2015, dkt. no. 63.

On April 10, 2015, Hanson filed a second amended habeas petition (dkt. no. 64), which is now the operative habeas petition in this action. Hanson's second amended habeas petition sets forth the following grounds for relief:

1.  Hanson's federal constitutional rights were violated by the admission of the speculative and inflammatory testimony of Carol Frantz.

2.  Hanson's federal constitutional rights were violated by the admission of evidence regarding a letter to the editor written by physicians in support of the shaken baby syndrome.

3.  Hanson's first degree murder conviction is in violation of his federal constitutional rights because the evidence at trial was insufficient to prove first degree murder beyond a reasonable doubt.

4.  Hanson's federal constitutional rights were violated as a result of the trial court's denial of his motion for change of venue.

5.  Hanson's federal constitutional rights were violated because the trial court was biased against him.

6.  Hanson's federal constitutional rights were violated as a result of ineffective assistance of trial counsel.

> a.   Trial counsel failed to object to the state's improper use of hearsay in the form of treatises and other articles.

> b.   Trial counsel failed to obtain an expert in hematology or pharmacology.

> c.   Trial counsel failed to obtain an expert witness to testify at a pre-trial hearing regarding shaken baby syndrome and battered child syndrome.

          d.     Trial counsel failed to object to a jury instruction that misstated the definition of malice.

          e.     Trial counsel failed to object to the prosecution's improper and extensive reference to hearsay during closing argument.

          f.     Trial counsel failed to object to prior bad act evidence.

7.     Hanson's federal constitutional rights were violated as a result of ineffective assistance of appellate counsel.

          a.     Appellate counsel failed to raise an issue regarding the admission of the physicians' letter to the editor.

          b.     Appellate counsel failed to raise an issue regarding the sufficiency of the evidence.

          c.     Appellate counsel failed to raise an issue regarding the prosecutor's misconduct during closing argument.

          d.     Appellate counsel failed to raise an issue regarding the trial court's improper denial of the motion for change of venue.

8.     Hanson is entitled to habeas corpus relief because of the cumulative effect of the errors.[2]

*See* Second Amended Petition for Writ of Habeas Corpus, dkt. no. 64, pp. 20-59.

On June 19, 2015, respondents filed the motion to dismiss that is now before the court, asserting that Grounds 1 and 5 of Hanson's second amended habeas petition are barred by the statute of limitations, and that Grounds 1 and 3 are barred by the procedural default doctrine. *See* Motion to Dismiss, dkt. no. 78. Hanson filed an opposition to the motion to dismiss on August 27, 2015 (dkt. no. 86). Respondents filed a reply on November 6, 2015 (dkt. no. 94).

On August 27, 2015, along with his opposition to the motion to dismiss, Hanson filed a motion for evidentiary hearing (dkt. no. 88), requesting an evidentiary hearing with regard to issues raised by the motion to dismiss. Respondents filed an opposition

---

[2]This claim is actually denominated "Ground Ten" in Hanson's second amended petition; however, because there is no Ground 8 or Ground 9, the court refers to it as Claim 8.

to the motion for evidentiary hearing, with their reply in support of their motion to dismiss, on November 6, 2015 (dkt. no. 96). Hanson filed a reply in support of his motion for evidentiary hearing on December 16, 2015 (dkt. no. 99).

## III.   DISCUSSION

### A.   Statute of Limitations

The Antiterrorism and Effective Death Penalty Act (AEDPA), enacted in 1996, included a one-year statute of limitations for federal habeas petitions filed by prisoners challenging state convictions or sentences:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of --
>
> > (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> >
> > (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> >
> > (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> >
> > (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).

Hanson's direct appeal concluded on February 6, 2001. *See* Order Denying Rehearing, Exh. 149. Adding the ninety days within which a petition for a writ of certiorari could have been filed (*see* Supreme Court Rule 13), the date on which Hanson's conviction became final, for purposes of the AEDPA statute of limitations, was May 7, 2001. The AEDPA limitations period began running on that date.

The AEDPA statute of limitations is tolled during the time that a properly-filed habeas petition is pending in state court. *See* 28 U.S.C. § 2244(d)(2). Hanson filed his first state habeas action on August 16, 2001. *See* Petition for Writ of Habeas Corpus,

1   Exh. 151. 101 days ran against the one-year AEDPA limitations period before Hanson

2   filed his first state habeas action.

3          The statutory tolling lasted until Hanson's first state habeas action was

4   completed. The Nevada Supreme Court affirmed the denial of relief in Hanson's first

5   state habeas action on December 19, 2003, and the remittitur issued on January 13,

6   2004. See Order of Affirmance, Exh. 175; Remittitur, Exh. 178. Another 62 days ran

7   against the one-year AEDPA limitations period between January 13, 2004, when

8   Hanson's first state habeas action was concluded, and March 15, 2004, when Hanson

9   filed his original *pro se* habeas petition in this action. Hanson's original petition in this

10  case was, therefore, timely, as only 162 days had run against the one-year AEDPA

11  limitations period when it was filed.

12         The filing of this federal habeas action did not toll the AEDPA statute of

13  limitations. *See Duncan v. Walker*, 533 U.S. 167, 172-75 (2001) (unlike the filing of a

14  state habeas petition, the filing of a federal habeas petition does not toll the AEDPA

15  statute of limitations). Hanson's first amended petition was not filed until April 7, 2005.

16  *See* First Amended Petition for Writ of Habeas Corpus, dkt. no. 21. And, his second

17  amended petition was not filed until April 10, 2015. *See* Second Amended Petition for

18  Writ of Habeas Corpus, dkt. no. 64. Hanson's first and second amended petitions were

19  untimely, as they were filed long after the one-year AEDPA limitations period ran out.

20         Therefore, the issue of the timeliness of the claims in Hanson's second amended

21  petition, vis-à-vis the AEDPA statute of limitations, turns upon the question whether

22  those claims relate back to his original petition, which was timely filed on March 15,

23  2004.

24         "Amendments made after the statute of limitations has run relate back to the date

25  of the original pleading if the original and amended pleadings 'ar[i]se out of the [same]

26  conduct, transaction, or occurrence.'"  *Mayle v. Felix*, 545 U.S. 644, 655 (2005) (quoting

27  Fed.R.Civ.P. 15(c)(2)). "So long as the original and amended petitions state claims that

28  are tied to a common core of operative facts, relation back will be in order." *Id*. at 664.

1    However, relation back is not proper when an amended petition "asserts a new ground

2    for relief supported by facts that differ in both time and type from those the original

3    pleading set forth." *Id.* at 650.

4              **1.    Ground 1**

5              In Ground 1, Hanson claims: "The trial court improperly allowed the State to

6    present speculative and highly inflammatory evidence at Mr. Hanson's sentencing

7    hearing, in violation of Mr. Hanson's rights to due process and a fair trial under the

8    Fourteenth Amendment to the United States Constitution." Second Amended Petition

9    for Writ of Habeas Corpus, p. 20. Hanson goes on: "During the penalty phase of the

10   trial, the state presented the testimony of Carol Frantz, a nurse, who testified as to the

11   pain Tamara Smart would have felt." *Id.*, citing Exh. 112 at 64-65. Hanson asserts that

12   Frantz's testimony at the penalty phase of his trial "was clearly speculative," and "was

13   obviously offered for the sole purpose of appealing to the emotions and passions of the

14   jury." *Id.* at 20-21.

15             No such claim was asserted in Hanson's original petition. Hanson, however,

16   argues that Ground 1 of his second amended petition relates back to Ground 2 of his

17   original petition. *See* Opposition to Motion to Dismiss (dkt. no. 86) at 32-35. In making

18   this argument, Hanson refers to paragraph 25 of his original petition, in which he

19   claimed:

20             The trial court abused its discretion in qualifying Carol Frantz as an
             expert on child bruises and child abuse. Vol. IX Pp. 281-84. This witness
21           was not an expert, a doctor, nor did she have any special qualifications or
             educational background that would permit a judge to qualify her as an
22           expert Sua Sponte. This witness was not offered as an expert, but the
             Court upon it's own motion qualified Frantz as an expert. Again the Court
23           demonstrates it's own bias non-impartiality and prejudice against the
             Petitioner.
24

25   Petition for Writ of Habeas Corpus (dkt. no. 8), p. 9-J, ¶ 25 (as in original) (citations

26   omitted). This, however, was a different sort of claim. Paragraph 25 of Ground 2 of the

27   original petition was a claim that the trial court was biased; Ground 1 of the second

28   amended petition is a claim that improper evidence was admitted. Factually, paragraph

                                          7

25 of Ground 2 of the original petition was based on the court's *sua sponte* acceptance of Frantz as an expert witness; Ground 1 of the second amended petition is based on the alleged speculative and inflammatory nature of Frantz's testimony. Paragraph 25 of Ground 2 of the original petition involved Frantz's qualification as an expert in the guilt phase of Hanson's trial; Ground 1 of the second amended petition involves Frantz's testimony in the penalty phase of his trial. Ground 1 of Hanson's second amended petition asserts a claim that differs in both time and type from the claim asserted in paragraph 25 of his original petition, and, therefore, Ground 1 does not relate back to Hanson's original petition. Ground 1 is barred by the statute of limitations.

Hanson argues that, under Federal Rules of Civil Procedure 12(b), respondents waived the statute of limitations defense by not raising it in the motion to dismiss that they filed with respect to his first amended petition, before the case was stayed. *See* Opposition to Motion to Dismiss at 38-41; Motion to Dismiss filed September 9, 2005, dkt. no. 39. That argument is without merit. A motion to dismiss is not a "responsive pleading" within the meaning of Federal Rule of Civil Procedure 12(b). *See* Fed. R. Civ. P. 7(a); *Tahoe-Sierra Pres. Council, Inc. v. Tahoe Reg'l Planning Agency*, 216 F.3d 764, 788 (9th Cir.2000) (citing Rule 7(a)); *Miles v. Department of Army*, 881 F.2d 777, 781 (9th Cir.1989). Moreover, Hanson does not show that he was prejudiced by respondents not raising the issue of the statute of limitations before this action was stayed. Respondents have not waived the statute of limitations defense.

Hanson also argues that he can overcome the statute of limitations bar regarding Ground 1 by showing that he is actually innocent. *See* Opposition to Motion to Dismiss at 6-7.

In *McQuiggan v. Perkins*, 133 S. Ct. 1924, 1928 (2013), the Supreme Court held that, if a habeas petitioner can prove actual innocence, he can present his habeas claims after the statute of limitations has expired. However, the Supreme Court cautioned that "tenable actual-innocence gateway pleas are rare: '[A] petitioner does not meet the threshold requirement unless he persuades the district court that, in light of the

new evidence, no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt.'" *Id.* (citing *Schlup v. Delo*, 513 U.S. 298, 329 (1995)). To avail himself of this equitable exception to the statute of limitations, the petitioner must present "evidence of innocence so strong that a court cannot have confidence in the outcome of the trial unless the court is also satisfied that the trial was free of nonharmless constitutional error." *Id.* at 1936 (quoting *Schlup*, 513 U.S. at 316).

The Court determines that the question whether Hanson can make a showing of actual innocence, sufficient to overcome the statute of limitations bar of Ground 1 within the meaning of the Supreme Court's holding in *McQuiggan v. Perkins*, will be better addressed in conjunction with the merits of all Hanson's claims, after respondents file an answer and petitioner a reply. Therefore, the Court will deny respondents' motion to dismiss, based on the statute of limitations, with respect to Ground 1, without prejudice to respondents raising the statute of limitations as a defense to Ground 1 in their answer, and without prejudice to Hanson asserting his claim of actual innocence to overcome the statute of limitations bar of that claim, in his reply.

As the Court determines that the question of Hanson's showing of actual innocence to overcome the statute of limitations bar of this claim will be better addressed in conjunction with the merits of all Hanson's claims, after respondents file an answer and petitioner a reply, the Court will also deny Hanson's motion for evidentiary hearing with respect to the motion to dismiss Ground 1, without prejudice to him moving for an evidentiary hearing in that regard when he files his reply to respondents' answer.

### 2.    Ground 5

In Ground 5 of his second amended petition, Hanson claims that his federal constitutional rights were violated because the trial court was biased against him. Second Amended Petition for Writ of Habeas Corpus at 32-35. As examples of the trial court's alleged bias, Hanson points to the court's handling of the parties' experts, the court's refusal to accept the parties' plea agreement, and the court's issuance of a restraining order against Hanson's father. *See id.*

Hanson argues in opposition to the motion to dismiss that Ground 5 relates back to Ground 2 of his original petition. In Ground 2 of his original petition, Hanson claimed that the trial court was biased against him. *See* Petition for Writ of Habeas Corpus (dkt. no. 8) at 9A-9L. The difference is that, in his original petition, Hanson did not cite, as an example of the trial court's alleged bias, the court's rejection of the plea agreement. The Court finds, however, that the core of this claim — that the trial court was allegedly biased against Hanson — remains the same. The addition of further factual specificity in his second amended petition in support of the claim of judicial bias does not so change the claim as to undermine its relation back to the original petition.

Therefore, Ground 5 relates back to Hanson's original petition, and, as a result, Ground 5 is not barred by the statute of limitations. The Court will deny respondents' motion to dismiss with respect to Ground 5.

### B. Procedural Default

In *Coleman v. Thompson*, the Supreme Court held that a state prisoner who fails to comply with the state's procedural requirements in presenting his claims is barred from obtaining a writ of habeas corpus in federal court by the adequate and independent state ground doctrine. *Coleman v. Thompson*, 501 U.S. 722, 731-32 (1991) ("Just as in those cases in which a state prisoner fails to exhaust state remedies, a habeas petitioner who has failed to meet the State's procedural requirements for presenting his federal claims has deprived the state courts of an opportunity to address those claims in the first instance."). Where such a procedural default constitutes an adequate and independent state ground for denial of habeas corpus, the default may be excused only if "a constitutional violation has probably resulted in the conviction of one who is actually innocent," or if the prisoner demonstrates cause for the default and prejudice resulting from it. *Murray v. Carrier*, 477 U.S. 478, 496 (1986).

To demonstrate cause for a procedural default, the petitioner must "show that some objective factor external to the defense impeded" his efforts to comply with the state procedural rule. *Murray*, 477 U.S. at 488. For cause to exist, the external

1   impediment must have prevented the petitioner from raising the claim. *See McCleskey*
2   *v. Zant*, 499 U.S. 467, 497 (1991). With respect to the prejudice prong, the petitioner
3   bears "the burden of showing not merely that the errors [complained of] constituted a
4   possibility of prejudice, but that they worked to his actual and substantial disadvantage,
5   infecting his entire [proceeding] with errors of constitutional dimension." *White v. Lewis*,
6   874 F.2d 599, 603 (9th Cir. 1989), citing *United States v. Frady*, 456 U.S. 152, 170
7   (1982).

8          In their motion to dismiss, respondents assert that Grounds 1 and 3 of Hanson's
9   second amended habeas petition are barred by the procedural default doctrine.

10                    **1.    Ground 1**

11         Ground 1, again, is Hanson's claim that the trial court improperly allowed the
12   State to present speculative and inflammatory testimony of Carol Frantz at his
13   sentencing hearing, in violation of his federal constitutional rights. *See* Second
14   Amended Petition for Writ of Habeas Corpus at 20-21.

15         On his direct appeal to the Nevada Supreme Court, Hanson raised a claim that
16   Frantz's testimony at his sentencing hearing was speculative and inflammatory, but,
17   there, the claim was raised purely as a matter of Nevada law; Hanson did not, on his
18   direct appeal, claim that Frantz's testimony at his penalty hearing violated his federal
19   constitutional rights. *See* Appellant's Opening Brief, Exh. 141; Appellant's Reply Brief,
20   Exh. 144; Order of Affirmance, Exh. 147.

21         Hanson did not raise any such claim before the Nevada Supreme Court on the
22   appeal from the denial of his first state habeas petition. *See* Appellant's Opening Brief,
23   Exh. 173; Order of Affirmance, Exh. 175.

24         Hanson did raise this claim in his second state habeas petition. *See* Petition for
25   Writ of Habeas Corpus (Post-Conviction), Exh. 181 at 18. The state district court
26   dismissed that petition on procedural grounds, ruling that it was untimely under the state
27   statute of limitations, NRS § 34.726, successive under NRS § 34.810, and barred by the
28   laches doctrine under § NRS 34.800. *See* Order Dismissing Petition for Writ of Habeas

Corpus, Exh. 220. Hanson appealed, and the Nevada Supreme Court affirmed. *See* Order of Affirmance, Exh. 264.

Therefore, this claim — Ground 1 — is barred in this federal action by the procedural default doctrine, unless Hanson can show cause and prejudice regarding the procedural default, or unless he can show that "a constitutional violation has probably resulted in the conviction of one who is actually innocent." *Murray v. Carrier*, 477 U.S. at 496.

Hanson does not attempt to make a showing of cause and prejudice to overcome the procedural default regarding Ground 1.

Hanson argues, in response to the motion to dismiss, that he can overcome the procedural default by a showing that he is actually innocent. *See* Opposition to Motion to Dismiss at 4-32. Hanson moves for an evidentiary hearing, to determine whether new evidence — evidence that he claims undermines the scientific basis for the so-called "shaken baby syndrome" — will show that he is actually innocent, such that he can overcome his procedural defaults. *See* Motion for Evidentiary Hearing, dkt. no. 88.

As with the question whether Hanson can show actual innocence to overcome the statute of limitations bar to Ground 1, the Court finds that the question whether he can overcome his procedural default of Ground 1 with a showing of actual innocence is an issue that will be better addressed in conjunction with the merits of all Hanson's claims, after respondents file an answer and petitioner a reply. Therefore, the Court will deny respondents' motion to dismiss, based on procedural default, with respect to Ground 1, without prejudice to respondents raising procedural default as a defense to Ground 1 in their answer, and without prejudice to Hanson asserting his claim of actual innocence to overcome the procedural default of that claim, in his reply.

As the Court determines that the question of Hanson's showing of actual innocence to overcome the procedural default bar of this claim will be better addressed in conjunction with the merits of all Hanson's claims, after respondents file an answer and petitioner a reply, the Court will also deny Hanson's motion for evidentiary hearing

1    with respect to the motion to dismiss Ground 1, without prejudice to him moving for an

2    evidentiary hearing in that regard when he files his reply to respondents' answer.

3                          **2.**      **Ground 3**

4        In Ground 3 of his second amended habeas petition, Hanson claims that his first

5    degree murder conviction is in violation of his federal constitutional rights because the

6    evidence at trial was insufficient to prove first degree murder beyond a reasonable

7    doubt. *See* Second Amended Petition for Writ of Habeas Corpus at 25-31.

8        Hanson did not raise this claim on his direct appeal to the Nevada Supreme

9    Court. *See* Appellant's Opening Brief, Exh. 141; Appellant's Reply Brief, Exh. 144;

10    Order of Affirmance, Exh. 147. Nor did Hanson raise any such claim before the Nevada

11    Supreme Court on the appeal from the denial of his first state habeas petition. *See*

12    Appellant's Opening Brief, Exh. 173; Order of Affirmance, Exh. 175. Hanson did raise

13    this claim in his second state habeas petition. *See* Petition for Writ of Habeas Corpus

14    (Post-Conviction), Exh. 181 at 19-24. The state district court dismissed that petition on

15    procedural grounds, ruling that it was untimely under the state statute of limitations,

16    NRS § 34.726, successive under NRS § 34.810, and barred by the laches doctrine

17    under NRS § 34.800. *See* Order Dismissing Petition for Writ of Habeas Corpus, Exh.

18    220. Hanson appealed, and the Nevada Supreme Court affirmed. *See* Order of

19    Affirmance, Exh. 264.

20        Therefore, like Ground 1, Ground 3 is barred in this federal action by the

21    procedural default doctrine, unless Hanson can show cause and prejudice regarding the

22    procedural default, or unless he can show that "a constitutional violation has probably

23    resulted in the conviction of one who is actually innocent." *Murray v. Carrier*, 477 U.S. at

24    496.

25        Hanson does not attempt to make a showing of cause and prejudice to overcome

26    the procedural default regarding Ground 3. Rather, as with Ground 1, Hanson argues

27    that he can overcome the procedural default of Ground 3 by a showing that he is

28    actually innocent. *See* Opposition to Motion to Dismiss at 4-32.

As is discussed above, the Court finds that the question whether Hanson can overcome his procedural defaults with a showing of actual innocence will be better addressed in conjunction with the merits of all Hanson's claims, after respondents file an answer and petitioner a reply. Therefore, the Court will deny respondents' motion to dismiss, based on procedural default, with respect to Ground 3, without prejudice to respondents raising procedural default as a defense to Ground 3 in their answer, and without prejudice to Hanson asserting his claim of actual innocence to overcome the procedural default of that claim, in his reply.

As the Court determines that the question of Hanson's showing of actual innocence to overcome the procedural default bar of Ground 3 will be better addressed in conjunction with the merits of all Hanson's claims, after respondents file an answer and petitioner a reply, the Court will also deny Hanson's motion for evidentiary hearing with respect to the motion to dismiss Ground 3, without prejudice to him moving for an evidentiary hearing in that regard when he files his reply to respondents' answer.

## IV.    CONCLUSION

It is therefore ordered that respondents' Motion to Dismiss Petition for a Writ of Habeas Corpus (dkt. no. 78) is denied.

It is further ordered that petitioner's Motion for Evidentiary Hearing (dkt. no. 88) is denied.

It is further ordered that respondents shall, within ninety (90) days from the entry of this order, file an answer responding to all the claims in petitioner's Second Amended Petition for Writ of Habeas Corpus (dkt. no. 64). The answer must address the merits of all petitioner's claims; the answer may also reassert the statute of limitations and procedural default defenses that were asserted by respondents in their motion to dismiss. After respondents file their answer, petitioner shall file a reply to the answer within sixty (60) days.

It is further ordered that, if petitioner wishes to request an evidentiary hearing relative to the merits of any of his claims, or with respect to the question whether he can

overcome a statute of limitations or procedural default bar of any of his claims, petitioner shall file a motion for evidentiary hearing along with his reply to respondents' answer. Respondents shall then have thirty (30) days to respond to the motion for evidentiary hearing, and then petitioner shall then have twenty (20) days to file a reply in support of that motion.

DATED THIS 12th day of January 2016.

_____
MIRANDA M. DU
UNITED STATES DISTRICT JUDGE