UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

MARK A. HANSON,

Petitioner,

v.

CRAIG FARWELL, *et al.*,

Respondents.

Case No. 3:04-cv-00130-MMD-VPC

ORDER

In this habeas corpus action, the petitioner, Mark A. Hanson, filed a third amended petition for writ of habeas corpus on April 1, 2016 (ECF No. 108). Respondents filed an answer on September 27, 2016 (ECF No. 117). Hanson filed a reply on March 28, 2017 (ECF No. 120).

With his reply, Hanson also filed a motion for evidentiary hearing (ECF No. 122). Respondents filed an opposition to that motion on April 11, 2017 (ECF No. 125). Hanson filed a reply in support of the motion on May 1, 2017 (ECF No. 126).

The Court has examined Hanson's third amended petition, respondents' answer, and Hanson's reply, and determines that Hanson's habeas petition should be further amended, and a new answer and reply filed, in order to ensure that the pleadings properly reflect the claims made by Hanson, and to ensure that the respondents have sufficient opportunity to plead in response to all Hanson's claims.

Hanson filed his third amended petition in order to add Ground 9, which is a freestanding claim of actual innocence, asserting that he is actually innocent of murder.

*(See* Third Amended Petition (ECF No. 108) at 61-80.) Respondents answered that claim. (*See* Answer (ECF No. 117) at 7-36.) But then, in his reply regarding Ground 9, Hanson appears to have asserted another separate claim: that his federal constitutional right to due process of law was violated by the introduction of flawed expert testimony. (*See* Reply (ECF No. 120) at 12-25.) Hanson bases that newly asserted claim on *Gimenez v. Ochoa*, 821 F.3d 1136 (9th Cir. 2016), *cert. denied*, 137 S.Ct. 503 (2016), in which the Ninth Circuit Court of Appeals recognized such a claim for federal habeas corpus relief. In *Gimenez*, the Ninth Circuit Court of appeals stated: "We join the Third Circuit in recognizing that habeas petitioners can allege a constitutional violation from the introduction of flawed expert testimony at trial if they show that the introduction of this evidence 'undermined the fundamental fairness of the entire trial.'" *Gimenez*, 821 F.3d at 1145, quoting *Lee v. Houtzdale SCI*, 798 F.3d 159, 162 (3d Cir. 2015). In *Gimenez*, the court made clear that such a claim, of a due process violation stemming from introduction of flawed expert testimony, is different and separate from a free-standing actual-innocence claim, such as Hanson's claim in Ground 9. *See Gimenez*, 821 F.3d at 1144, citing *Lee*, 798 F.3d at 162 ("Such a petition for relief is not a 'freestanding innocence claim,' but a due process claim.").

In habeas corpus practice in the Ninth Circuit, as a general rule, new claims may not be added in a reply to a respondent's answer. *See, e.g., Cacoperdo v. Demosthenes*, 37 F.3d 504, 507 (9th Cir. 1994) (reply is not the proper pleading to raise additional claims for relief).

The Court will grant Hanson an opportunity to file a fourth amended habeas petition to properly plead his claim based on *Gimenez* as a separate claim. The Court will also set a schedule for respondents to answer Hanson's fourth amended petition and for Hanson to reply. The Court does not expect that the drafting and filing of these pleadings will take a great deal of time and resources, as the new pleadings will be largely repetitive of Hanson's third amended petition and the answer and reply regarding that petition; the Court sets the schedule for the new pleadings accordingly.

Turning to Hanson's motion for an evidentiary hearing, the Court determines that an evidentiary hearing is warranted with respect to Hanson's contention that scientific advancement since the time of his trial has undermined expert testimony on which his conviction was based. Hanson asserts that he can overcome the procedural default and limitations bars of his Grounds 1, 3 and 9, by making a showing that he is actually innocent. (*See* Reply (ECF No. 120) at 27-29.) He argues that he can do so by showing that advancements in science since his trial have undermined expert testimony on which his conviction was based. The Court finds that Hanson has made a sufficient showing in this regard to warrant an evidentiary hearing. *See Roy v. Lampert*, 465 F.3d 964, 969 (9th Cir. 2006) (In context of equitable tolling, habeas petitioner "should receive an evidentiary hearing when he makes 'a good-faith allegation that would, if true, entitle him to equitable tolling.'" (quoting *Laws v. Lamarque*, 351 F.3d 919, 919 (9th Cir. 2003)). Moreover, it appears to the Court that the question of whether the science has changed such as to undermine expert testimony on which Hanson's conviction was based will also have a bearing on the merits of Hanson's Ground 9, as well as the *Gimenez* claim that the Court anticipates Hanson will include in his fourth amended petition, and perhaps on the merits of other of Hanson's claims. The Court will, therefore, grant Hanson's motion for evidentiary hearing, and will issue a separate order scheduling an evidentiary hearing.

The Court will set a schedule for the parties to meet and confer and submit a joint proposed prehearing scheduling order. The joint proposed prehearing scheduling order should set a schedule, agreed upon by the parties, for necessary preparation for, and exchange of information in advance of, the evidentiary hearing. As to any matter upon which the parties cannot agree, the parties should include in the joint proposed prehearing scheduling order a description of the issue and the parties' positions. After the parties submit the joint proposed prehearing scheduling order, the Court will either approve the prehearing scheduling order proposed by the parties, or issue a different prehearing scheduling order, setting a schedule for preparation for, and exchanges of information in advance of, the evidentiary hearing.

It is therefore ordered that petitioner will have twenty (20) days from the entry of this order to file a fourth amended petition, to plead his claim based on *Gimenez* as a separate claim, as described above. Thereafter, respondents will have thirty (30) days to file an answer to petitioner's fourth amended petition. Petitioner will then have twenty (20) days to file a reply. The Court will not look favorably upon any motion to extend this briefing schedule.

It is further ordered that petitioner's motion for evidentiary hearing (ECF No. 122) is granted. The Court will hold an evidentiary hearing with respect to Hanson's contention that scientific advancement since the time of his trial has undermined expert testimony on which his conviction was based. The evidentiary hearing will be scheduled.

It is further ordered that counsel for petitioner and counsel for respondents are to meet and confer regarding the terms of a prehearing scheduling order, and, within twenty (20) days from the entry of this order, the parties are to file a joint proposed prehearing scheduling order, as described above. The Court will not look favorably upon any motion to extend the schedule for the filing of the joint proposed prehearing scheduling order.

DATED THIS 6th day of June 2017.

MIRANDA M. DU
UNITED STATES DISTRICT JUDGE