UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| MARK A. HANSON, | Case No. 3:04-cv-00130-MMD-VPC |
| Petitioner, | ORDER |
| v. | |
| CRAIG FARWELL, *et al.*, | |
| Respondents. | |

In this habeas corpus action, the Court has granted the petitioner's motion for an evidentiary hearing, has set the evidentiary for January 16, 17, and 18, 2018, and has set a schedule for preparations for the evidentiary hearing. *See* Order entered June 6, 2017 (ECF No. 127); Order entered June 30, 2017 (ECF No. 130); Order entered July 19, 2017 (ECF No. 132).

On October 20, 2017, respondents filed a Motion to Amend Evidentiary Hearing Scheduling Order (ECF No. 138). In their motion, respondents state that one of their experts, Dr. Lary Simms, could not complete his report by the November 3, 2017, due date for exchange of expert reports. Respondents, therefore, propose that the exchange of expert reports be divided into two exchanges, the first, for Dr. Kenneth Monson and Dr. Sandra Cetl, on November 3, 2017, and the second, for Dr. Janice Ophoven and Dr. Simms, on December 18, 2017. Respondents also request: that the deadline for exchange of witness lists and exhibit lists be delayed from November 9, 2017, to December 20, 2017; that the deadline for the parties to file pre-hearing briefs be delayed

1 | from November 17, 2017, and December 1, 2017, to December 26, 2017, and January 9, 2018; and the that deadline for the filing of pre-hearing motions be delayed from November 17, 2017, to December 26, 2017. Next, respondents state that Dr. Simms will be unavailable when the evidentiary hearing is conducted on January 16 to 18, 2018; respondents request that Dr. Simms be allowed to testify on January 12 or January 26, 2018.

The petitioner, Mark A. Hanson, responded to the motion to amend the scheduling order on the same day, October 20, 2017 (ECF No. 139). Hanson's counsel state that Hanson has no opposition to the two-part exchange of expert reports. Hanson also has no opposition to postponing the filing of witness lists and exhibit lists, pre-hearing briefs, and pre-hearing motions. Hanson objects to having Dr. Simms testify on January 26, 2018, but would agree to having him testify on January 12, 2018. Alternatively, Hanson's counsel state that they would agree to a video deposition of Dr. Simms. Respondents did not file a reply to respondents' response to their motion to amend the scheduling order.

Generally, the Court finds unacceptable respondents' notice of the difficulty they are facing in timely preparing for the evidentiary hearing as scheduled. The current schedule was set in an order entered on July 19, 2017 (ECF No. 132). Three months passed, and then, after the due dates for exchange of expert witnesses' identities, with the due date for exchange of expert witness reports two weeks away, and with other due dates and the evidentiary hearing itself approaching, respondents inform the Court that "[u]nfortunately, one of Respondents' experts, Dr. Simms, is out of state" during the time when the evidentiary hearing will be conducted. No other explanation for Dr. Simms' unavailability is provided; and no explanation is given for why the notice of his unavailability is provided only now. Apparently, respondents retained an expert who is unable to attend the evidentiary hearing as scheduled. Respondents do not explain why the testimony of this particular expert witness is necessary.

Under these circumstances, the Court will not reschedule the evidentiary hearing; the evidentiary hearing will remain set for January 16, 17, and 18, 2018. Nor will the Court

set a special schedule to take testimony from Dr. Simms. Respondents' request that the Court set Dr. Simms testimony for either January 12 or 26, 2018, is denied. Respondents may offer deposition testimony of Dr. Simms as evidence at the evidentiary hearing, in accordance with Hanson's agreement in that regard.

The Court will amend the schedule for preparation for the evidentiary hearing as follows: The disclosures of expert witness reports will be in two parts, with the first, for Dr. Monson and Dr. Cetl, on November 3, 2017 (presumably already exchanged), and the second, for Dr. Ophoven and Dr. Simms, on December 18, 2017. Witness lists and exhibit lists, to the extent the parties have not already filed them (*see* ECF Nos. 142, 143) will be due November 17, 2017. Hanson's pre-hearing brief will be due November 22, 2017; respondents' responsive pre-hearing brief will be due December 6, 2017; Hanson's reply will be due December 13, 2017. Prehearing motions will be due November 22, 2017. In all other respects, the schedule will be as set forth in the order entered July 19, 2017 (ECF No. 132).

On October 23, 2017, respondents filed a Joint Motion for Discovery (ECF No. 140). In that motion, respondents request leave of court to serve upon Primary Children's Hospital, in Utah, a subpoena for production of medical records relating to the treatment and death of Tamara Smart. Respondents agree to share with Hanson any records received as a result of the subpoena. The motion is presented as a joint motion, with Hanson apparently in concurrence. The Court notes that the information sought by this discovery request does not appear to relate directly to the issue to be addressed at the evidentiary hearing. *See* Order entered June 6, 2017 ("The Court determines that an evidentiary hearing is warranted with respect to Hanson's contention that scientific advancement since the time of his trial has undermined expert testimony on which his conviction was based."). Nevertheless, it does appear to be at least tangentially related, the parties are in agreement regarding the discovery request, and the Court finds there is good cause for the discovery; therefore, pursuant to Rule 6 of the Rules Governing

///

1  Section 2254 Cases in the United States District Courts, the Court will grant the motion
2  for leave to conduct this discovery.

3  It is therefore ordered that respondents' Motion to Amend Evidentiary Hearing
4  Scheduling Order (ECF No. 138) is granted in part and denied in part, as explained above.

5  It is further ordered that the Joint Motion for Discovery (ECF No. 140) is granted.
6  Respondents are granted leave of court to serve a subpoena on Primary Children's
7  Hospital for production of medical records related to the treatment and death of Tamara
8  Smart.

9  DATED THIS 8th day of November 2017.

MIRANDA M. DU
UNITED STATES DISTRICT JUDGE