UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| MARK A. HANSON,<br><br>　　　　　Petitioner,<br><br>　v.<br><br>RENEE BAKER, *et al.*,<br><br>　　　　　Respondents. | Case No. 3:04-cv-00130-MMD-VPC<br><br>ORDER GRANTING EMERGENCY MOTION TO RELEASE PETITIONER (ECF NO. 192) |

In this habeas corpus action, this Court granted the petitioner, Mark A. Hanson, a conditional writ of habeas corpus on March 13, 2018. (ECF No. 180 (order); ECF No. 181 (judgment).) The judgment was stayed pending any appeal. (*Id.*)

Respondents appealed, and on March 25, 2019, the Ninth Circuit Court of Appeals affirmed the judgment granting the writ. (ECF No.188 (Court of Appeals' Memorandum).) The Court of Appeals ordered that this Court "shall order Hanson released from custody within sixty days of the issuance of the mandate, unless, within that sixty-day period, the State files a written notice in the district court of its election to retry Hanson, and the State thereafter, within sixty days after the filing of that notice, actually commences Hanson's retrial." (*Id.*) The Court of Appeals issued its mandate on April 16, 2019. (ECF No. 189.)

The following day, April 17, 2019, this Court lifted the stay of this action, and reiterated the Court of Appeals' order, confirming that "the petitioner, Mark A. Hanson, shall be released from custody no later than Saturday, June 15, 2019, unless, no later than that date, the State files a written notice of its election to retry Hanson, and the State thereafter, within sixty (60) days after the filing of that notice, actually commences Hanson's retrial." (ECF No. 191 (order entered April 17, 2019).)

On May 30, 2019, Hanson filed an "Emergency Motion to Release Petitioner" ("Motion for Release"), requesting an order of this Court directing the Respondents to release Hanson from custody on or before June 15, 2019. (ECF No. 192.) The Court set an expedited briefing schedule regarding Hanson's motion. (ECF No. 193.) Respondents filed a response in opposition to the motion on June 3, 2019 (ECF No. 194), and Hanson replied on June 4, 2019 (ECF No. 195).

In support of his Motion for Release, Hanson states the following factual background, which is supported by a declaration of counsel and exhibits (ECF Nos. 192-1, 192-2, 192-3, 192-4), and none of which is disputed by Respondents.

Within two days after the Court of Appeals' ruling, the Elko County District Attorney reached out to Hanson's counsel about a resolution of the case. (ECF No. 192 at 2.) After negotiations, the State filed a Second Amended Criminal Information ("Criminal Information"), in Nevada's Fourth Judicial District Court, on April 15, 2019, charging Hanson with one count of voluntary manslaughter and one count of abuse or neglect of a child with substantial bodily harm, significantly lesser charges than the first-degree murder charge on which Hanson was convicted in 1999. (*Id.* at 2; ECF No. 192-2 (Criminal Information).) Also on April 15, the parties filed a plea agreement in the Fourth Judicial District Court. (*See* ECF No. 192 at 2; ECF No. 192-3 (No Contest Plea Agreement).) The plea agreement provides, in relevant part:

> I hereby agree to enter a plea of Nolo Contendere ("No Contest"), pursuant to *North Carolina v. Alford*, 400 U.S. 25 (1970), to: one count of voluntary manslaughter, a violation of Nev. Rev. Stat § 200.050, a Category B felony; and one count of abuse, neglect or endangerment of a child resulting in substantial bodily harm, a violation of Nev. Rev. Stat § 200.508(1)(1)(2), a Category B felony.
>
> My decision to plead no contest is based ... upon the plea agreement in this case, which is as follows:
>
> In light of the Ninth Circuit Court of Appeals decision affirming the federal district court's grant of habeas relief ... this Court will vacate my prior convictions and sentence in this case. the State will file an Amended Information charging me with the counts identified above. In exchange for my No Contest pleas to each count, the parties will stipulate to a sentence of 48 to 120 months imprisonment on Count 1. The parties will stipulate to a sentence of 52 to 132 months on Count 2 consecutive to Count 1.

The parties stipulate to enter judgment from this plea *nunc pro tunc* to April 28, 1999 with credit for 463 days served. The parties stipulate that I have already served the maximum term of incarceration and I will be immediately paroled and discharged. It is the intentions of the parties that I be released from custody immediately.

This plea supersedes the original guilty verdict on the original charge of first-degree murder entered on April 28, 1999, pursuant to a jury trial.

The terms and conditions of the plea are conditional on this Court. If this Court rejects this negotiation, the parties will be returned to the position they were in prior to the entry of this plea.

At the time of my arraignment in district court, and prior to the entry of the plea of No Contest contemplated by this agreement, the parties agree that I will inquire of the Court, in line with *State v. Cripps*, 122 Nev. 764 (2006), whether it will be inclined to limit its sentence to the agreement describe[d] above. Under *Cripps,* this Court must "indicate on the record whether the judge is inclined to follow a particular sentencing recommendation of the parties." Should this Court "express an inclination to follow the parties' sentencing recommendation, the defendant must be given an opportunity to withdraw the plea if the judge later reconsiders and concludes that a harsher sentence is warranted." *Id.* at 770, 771.

The parties stipulate to waive the production of an updated Pre-Sentence Report because I have been incarcerated in the Nevada Department of Corrections since the production of my last PSI.

The parties further stipulate that this Court may vacate my prior conviction and sentence, arraign me on the Second Amended Criminal Information, accept my plea, and sentence me in line with this agreement during the same hearing.

The parties stipulate that the District Attorney's Office has complied with its victim notification requirements.

Finally, I agree to waive my right to a direct appeal.

Offer of Proof

I am pleading No Contest to avoid the possibility of being convicted of first-degree murder or receiving a higher sentence on the current or related charges. If this matter were to proceed to trial on the original charge of open murder, evidence would be elicited that may lead to a guilty verdict. Specifically, the State would call all or some of the same witnesses from the first trial wherein I was convicted of first-degree murder. Therefore, if the witnesses were believed, the State would be able to prove that on January 18, 1998, in Elko County, Nevada, I, through abuse or neglect, cause T.S. to strike her head, resulting in substantial bodily harm and death amounting to voluntary manslaughter and abuse, neglect, or endangerment of a child.

Consequences of the Plea

3

> I understand that by pleading no contest I am not admitting the facts which support all the elements of the offense to which I now plead, but I acknowledge that the State could prove this case beyond a reasonable doubt [if it] were to proceed to trial.

(ECF No. 192-3 at 2-4.) When the parties entered into the plea agreement, both the prosecutor and Hanson's counsel anticipated a hearing in state court before the end of April, which would have resulted in Hanson being released from custody by the end of April. (ECF No. 192 at 3.)

On April 15, the same day the plea agreement and the Criminal Information were filed, the Elko County District Attorney contacted the Fourth Judicial District Court clerk's office and requested a court date as soon as possible. (ECF No. 192-4(Memo from District Attorney).) The District Attorney stated: "The plea agreement contemplates a sentence which would result in Mr. Hanson expiring his sentence and being released from prison." (*Id.*) The District Attorney also stated: "For a number of reasons, including that Mr. Hanson's first degree murder conviction was essentially reversed and he is still in prison, we are hopeful that the Court can make room for an arraignment/sentencing as soon as possible." (*Id.*) However, the clerk did not respond to the District Attorney or to Hanson's counsel, and did not set a date for the hearing until May 29, 2019, when the hearing was set for July 1, 2019. (ECF No. 192 at 3.)

With regard to Hanson's sentencing, Hanson's counsel states that "the Elko County District Attorney has agreed to a joint recommendation that Hanson be released on his own recognizance if sentencing does not occur on the July 1st court date." (*Id.* at 6.)

Hanson's counsel represent that they have spoken with Respondents' counsel about this matter and have attempted to negotiate an agreement for Hanson's release pending the July 1 hearing in state court, but Respondents' counsel have declined to enter a stipulation allowing for his release, out of a reluctance to jeopardize the State's ability to retry Hanson should the plea agreement fail. (*Id.* at 4; *see also* ECF No. 194 at 6-7 (Declaration of Heather D. Proctor).) However, Hanson's counsel assert that Respondents' counsel has stated that Respondents will defer to the District Attorney's

position, and the District Attorney has no opposition to this Court ordering Hanson's release. (*Id.*) Hanson's counsel represents that, if released from custody, Hanson will appear in state court at the state court hearing on July 1. (ECF No. 192 at 4-5.)

In response, Respondents "question whether this Court has the authority to order state officials to release Hanson on his own recognizance." (ECF No. 194 (Response to Motion for Release) at 1.) Respondents also confirm, however, that they "deferred to the state prosecutor on the release of Hanson pending negotiations and/or retrial in state court should this Court have the authority to grant such a release." (*Id.*) Respondents acknowledge that the District Attorney and Hanson have negotiated a plea agreement intended to result in Hanson's release from custody, and Respondents further acknowledge that "[t]he cause for the delay in addressing Hanson's change of plea and sentencing, as well as his release under the terms of the negotiations, is the state district court's calendar." (*Id.* at 3.) In sum, Respondents defer to the District Attorney and sympathize with Hanson's current predicament, but express concerns about the Court's authority to grant Hanson's requested relief.

This Court has broad and flexible authority to fashion appropriate relief in a federal habeas action. *See* 28 U.S.C. § 2243 (stating that a habeas court may "dispose of the matter as law and justice require."); *Hilton v. Braunskill*, 481 U.S. 770, 775 (1987) ("Federal habeas corpus practice, as reflected by the decisions of this Court, indicates that a court has broad discretion in conditioning a judgment granting habeas relief."); *United States v. Handa*, 122 F.3d 690, 691 (9th Cir.1997) ("This broad and flexible power is derived from the equitable nature of habeas corpus relief."). Moreover, the Court has inherent authority to enforce its order and judgment. *See, e.g.*, *Hendrix v. Nevada*, Case No. 3:15-cv-00155-MMD-WGC, 2018 WL 5621863, at *2 (D. Nev. Oct. 30, 2018) ("The Court has inherent authority to enforce its order.").

Under the circumstances here—which Respondents do not dispute—the Court determines that the spirit of the Court's judgment and the interests of justice mandate that Hanson be released from custody no later than June 15, 2019. In the wake of this Court's

judgment, and the ruling of the Court of Appeals, the State and Hanson promptly reached an agreement intended to result in Hanson's release, not retrial. The parties agree that the delay in effectuating that agreement and Hanson's release is wholly a result of the state district court's inability to schedule a hearing in his case before July 1. As a matter of justice, and in light of the judgment in this case, Hanson should not remain in custody simply because of difficulty in scheduling a hearing in the state district court. This Court will exercise its equitable power over this habeas case to enforce its judgment, and will order that Hanson be released from custody on or before June 15, as contemplated by the Court's judgment.

Respondents have indicated that they intend to file a notice of intent to retry Hanson. (ECF No. 194 at 1-2.) However, it is plain from the parties' briefing, and their declarations and exhibits, that the sole purpose of that notice would be to protect the right of the State to retry Hanson in case the plea agreement cannot be effectuated for any reason. The actual intent of the parties, as reflected in the plea agreement and the representations of the parties relative to Hanson's Motion for Release, is *not* to retry Hanson; it is to see him released from custody. Thus, a notice of retrial under the circumstances here at best frustrates the spirit of the Court's judgment, and at worst contravenes that spirit—which necessarily raises concerns for the Court. In any event, this order will effectuate the real intent of the parties.

Regarding Respondents' concern that they not jeopardize the State's ability to retry Hanson in case the plea agreement were to be rejected, this order does not preclude Respondents from filing a notice of intent to retry Hanson as contemplated in the judgment. And this order does not preclude the State from proceeding to retry Hanson within the time contemplated in the judgment, if for any reason the plea agreement does not take effect. Respondents' rights in those respects are not jeopardized. Moreover, if for any reason the plea agreement does not take effect, this order does not preclude the State from taking any action, consistent with state law, with respect to Hanson's custody while awaiting trial. In short, the point of this order is that, under the current circumstances,

with the plea agreement in place and on file in the state district court, and given the expressed intention of the parties to effectuate the plea agreement and have Hanson released from custody as soon as the state district court's calendar allows, Hanson should not remain in custody beyond June 15, 2019.

It is therefore ordered that the Emergency Motion to Release Petitioner (ECF No. 192) is granted. The Respondents are ordered to release Petitioner Mark Hanson from custody on or before June 15, 2019.

DATED THIS 5th day of June 2019.

MIRANDA M. DU,
UNITED STATES DISTRICT JUDGE